# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GERALD R. WILLIAMS,

        Petitioner,     :     Case No. 1:14-cv-572

  - vs -                 District Judge Susan J. Dlott
                            Magistrate Judge Michael R. Merz

JEFF LISATH, Warden,
Pickaway Correctional Institution,

                               :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Gerald R. Williams pursuant to 28 U.S.C. § 2254 to obtain relief from convictions in the Highland County Common Pleas Court on charges of receiving stolen property, possession of drugs, and possession of criminal tools.

Williams pleads the following Grounds for Relief:

> **Ground One:** Williams was denied his 14th Amendment due process rights to fully and fairly litigate his 4th Amendment claim in the state courts.
>
> **Ground Two:** Williams was denied his 6th and 14th Amendment rights to the effective assistance of appellate counsel.

(Petition, ECF No. 1.)

Having reviewed the Petition under Habeas Rule 4, Magistrate Judge Bowman ordered the Respondent to file an answer (ECF No. 5) which Respondent did on November 19, 2014 (ECF No. 11). In her Order for Answer, Judge Bowman set a deadline for Williams to file a

reply to the Return of twenty-one days after the Return was filed (ECF No. 5, PageID 12). Despite having requested and received several extensions of time to do so (ECF Nos. 13, 14, 15), Williams has never filed a reply. Thus the case became ripe for decision when Williams' last extension expired on April 15, 2015.

**Procedural History**

This case arises out of a traffic stop August 21, 2011. Williams was indicted as a result of the illegal drugs, firearms, and drug trafficking tools found in the car he was driving. Williams filed a motion to suppress which was successful as to his residence but unsuccessful as to the car. He then withdrew his not guilty plea and pled no contest. Sentenced to four years imprisonment, he appealed to the Ohio Fourth District Court of Appeals raising four assignments of error:

> I. "A TRAFFIC STOP MAY NOT EXCEED THE TIME NECESSARY TO ISSUE A CITATION."
>
> II. "BY ENTERING THE APPELLANT'S CAR THE K-9 EXCEEDED A MERE SNIFF AND BECAME PART OF A WARRANTLESS SEARCH."
>
> III. "WARRANTS MUST DESCRIBE WITH PARTICULARITY THE PLACE TO BE SEARCHED." And
>
> IV. "A SENTENCING JUDGE MAY NOT USE MATTERS FOR WHICH THERE IS NO EVIDENCE ON THE RECORD IN CONSIDERING SENTENCE."

*State v. Williams*, 2013-Ohio-594, ¶ 7, 2013 Ohio App. LEXIS 528 (4th Dist. Jan. 30, 2012).[1]

---

[1] References to *State v. Williams, supra,* hereinafter are to this opinion.

2

The Fourth District affirmed. *Id.* Williams missed the deadline for appealing to the Ohio Supreme Court which denied leave to file a delayed appeal. *State v. Williams,* 135 Ohio St. 3d 1458 (2013).

Williams filed an application under Ohio R. App. P. 26(B) to raise a claim that he received ineffective assistance of appellate counsel in two respects (Application, ECF No. 11-1, PageID 167). The Fourth District denied the Application on the procedural basis that it lacked the sworn statement in support required by Ohio R. App. P. 26(B)(2)(d), having found that such a statement was mandatory under the Rule (Entry, ECF No. 11-1, PageID 178-79). The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *Id.* at PageID 193. Williams then filed this timely Petition for Writ of Habeas Corpus.

# ANALYSIS

**Ground One: Denial of Due Process in Handling Fourth Amendment Claims**

In his First Ground for Relief, Williams asserts he was denied due process of law in the handling of his Fourth Amendment claims by the state courts. In particular, he asserts

> The trial court unconstitutionally found admissible evidence on Williams' behalf to be inadmissible, totally cutting-off Williams [sic] attempts to receive a full and fair hearing. The trial court arbitrarily and unreasonably sided with the prosecution at every turn in the suppression hearing, and cut-off Williams' right to be heard and to present favorable evidence in a biased and prejudiced manner.

(Petition, ECF No. 1, PageID 5.)

Williams does not specify what evidence he offered that was improperly excluded nor does he offer any basis on which this Court might conclude the trial judge was unconstitutionally biased or prejudiced against him. On appeal to the Fourth District, he did not raise any of these claims of lack of due process, but instead raised directly claims under the Fourth Amendment.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

In *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity

means opportunity . . . the state court need do no more than 'take cognizance of the constitutional claim and render a decision in light thereof." *Id*. at 638, *quoting Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley*, we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

*Id.* at 639-40.

Williams does not make any argument in support of a Fourth Amendment claim in his Petition. It may be that what he was attempting to do was to lay the groundwork for having this Court review his Fourth Amendment claims on the merits by asserting he did not get a full and fair opportunity to litigate those claims. However, his allegations are purely conclusory – he does not say what evidence was excluded. There is no indication of the face of the Fourth District's opinion that the trial court process was unfair.

In sum, from everything that has been presented to this Court, the Court finds Williams had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. Therefore *Stone v. Powell, supra*, precludes this Court from considering the merits of a Fourth Amendment claim.

Entirely apart from the *Stone v. Powel*l bar, Williams procedurally defaulted on his Fourth Amendment claims by failing to timely appeal to the Ohio Supreme Court. That court's time deadline for appeal are an adequate and independent basis for a state court decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted).

The First Ground for Relief should therefore be dismissed with prejudice.

**Ground Two:  Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Williams asserts he received ineffective assistance of appellate counsel in that his counsel on appeal (1) "failed to raise and protect Williams' double jeopardy rights against being convicted and sentenced to [sic] allied offenses of similar import, to his prejudice, via Ohio Revised Code § 2941.25(A)" and (2) "failed to raise on appeal that the cash seized from Williams' during the traffic stop and at his residence was in violation of due process, because there is no proof beyond a reasonable doubt that said U.S. currency was part of any criminal activity."  (Petition, ECF No. 1, PageID 6.)

Before a petitioner can raise a claim in federal habeas corpus, he must exhaust available state court remedies for that claim. 28 U.S.C. § 2254(b) and (c);  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  For claims of ineffective assistance of appellate counsel in Ohio, the sole remedy is an application for reopening under Ohio R. App. P. 26(B).[2]

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

The *Strickland v. Washington* 466 U.S. 668 (1984), standard for ineffective assistance of counsel applies to appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). A habeas petitioner asserting ineffective assistance of appellate counsel must show deficient performance and prejudice. To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing  Wilson v. Parker*, 515

---

[2] Unless the direct appeal was to the Supreme Court of Ohio which has a parallel process.

F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant.  *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52).

This Court cannot reach the merits of Williams' Second Ground for Relief because he procedurally defaulted in presenting the claim to the Fourth District by not including the required sworn statement. See Entry, ECF No. 11-1, PageID 178-79.

If the Court could reach the merits, it would find this claim meritless.  Williams' Double Jeopardy claim would likely have failed in the Fourth District because the offenses to which he pled no contest are not allied offenses of similar import under Ohio Revised Code § 2941.25. And issues about the seized cash were raised on direct appeal and decided by the Fourth District on the merits.  *State v. Williams, supra*, ¶¶ 35-37.

Therefore the Second Ground for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein

7

be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 31, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).